**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOCKEYE LICENSING TX LLC, | § § | |
| *Plaintiff,* | § | **Civil Action No.   2:15-cv-01583** |
| | § | |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| AMAZON.COM, LLC, | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT

Sockeye Licensing TX LLC ("Sockeye or "Plaintiff"), by and through its attorneys, for its Complaint against Amazon.com, LLC ("Amazon" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

### I.      NATURE OF ACTION

1.      This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions, U.S. Patent Nos. 8,135,342 (the "'342 Patent") and 8,879,987 (the "'987 Patent").  True and correct copies of the '342 and '987 Patents are attached hereto as Exhibits 1 and 2.

### II.      THE PARTIES

2.      Plaintiff Sockeye Licensing TX LLC is a limited liability company organized and existing under the laws of the State of Texas.

3.      Upon information and belief, Amazon.com, LLC is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 410 Terry

Avenue North, Seattle, WA 98109.  Defendant can be served with process by serving its registered agent for service of process in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.    JURISDICTION AND VENUE

4.    This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.    THE PATENTS

6.    The named inventor of the '342 and '987 Patents, Mr. Michael D. Harold, conceived of the inventions disclosed therein and has worked to commercialize them for several years.  Among his goals (and later those of his company, Zamboola) was to provide hardware and software solutions for the mobile market to allow the interfacing of user information between devices in an enhanced way.  He accordingly prototyped hardware solutions in the fall of 2009, initially developing on an Openmoko Neo, a Linux-based touch screen smartphone.

7.    In early 2010, Zamboola was formed to commercialize the inventions. Living in the Shreveport-Bossier area, Mr. Harold filed the Articles of Incorporation for Zamboola as a Louisiana LLC on February, 2010, and worked to develop branding and IP collateral necessary to raise venture capital.  He and his partner brought on personnel to advance Zamboola's objectives.

8.    Zamboola believes that in terms of security, identity, mobility and performance,

the smartphone remains a strong platform for current and future personal and enterprise computing. Given the continued advances in mobile hardware and wireless broadband, an opportunity has arisen for the commercial implementation of container-based virtualization on smartphones, allowing distributed services and applications to run in concert with cloud computing services as an on-demand distributed computing environment using any combination of operating systems.

9. The '342 and '987 Patents disclose a system, method and apparatus which permits the use of a wireless cell phone or other communications device as a connection, communications and control device able to connect a full-sized desktop monitor or other digital display device, keyboard, mouse, speakers, printer and other external devices to a wireless cell phone device using any combination of wireline or wireless connections from the desktop devices to the wireless cell phone device. The wireless cell phone device is used to create an Internet or other network connection capable of accessing any browser-based web site or browser-based software application commonly accessible to a standard desktop computer having an Internet connection.

10. In accordance with the '342 and '987 Patents, once the connections between the desktop monitor, key board, mouse, speakers, printer and other components are established with the wireless cell phone device and the Internet connection is established with the wireless cell phone device, the user may access any browser-based web site or software application using the desktop monitor, keyboard, mouse, speakers, printer and other components. Access to Internet software, services and media includes all forms of browser-based desktop software, as well as digital movies, music and streaming video. '342 Patent, Abstract.

11. Sockeye has obtained all substantial rights and interest to the '342 and '987

Patents, including all rights to recover for all past and future infringements thereof.

## V.    DEFENDANT'S ACTS

12.     Defendant manufactures, provides, sells, offers to sell, and/or distributes infringing systems and methods.   Defendant provides Wi-Fi Alliance certified "Miracast" products to provide the infringing functionality.  As set forth on the Wi-Fi Alliance's website:

> Wi-Fi CERTIFIED Miracast™ is a groundbreaking solution for seamlessly displaying multimedia between devices, without cables or a network connection. Users can do things like view pictures from a smartphone on a big screen television, share a laptop screen with the conference room projector in real-time, and watch live programs from a home cable box on a tablet. Miracast connections are formed using Wi-Fi CERTIFIED Wi-Fi Direct®, so access to a Wi-Fi® network is not needed – the ability to connect is inside Miracast-certified devices.
>
> Miracast is an industry-wide solution, so the technology works well across devices, regardless of brand. Connections are easy to set up and use since the devices choose the appropriate settings automatically. Miracast supports premium content—like Blu-ray feature films, live television shows and sports, or any other copy-protected premium content—allowing you to watch what you want, where you want.

http://www.wi-fi.org/discover-wi-fi/wi-fi-certified-miracast.

13.     Defendant employs Miracast technology in its accused instrumentalities. Moreover, Defendant markets its accused instrumentalities as certified under that technology standard.  A generally comprehensive list of Miracast-certified products provided by Defendant is publicly available at the following website:  http://www.wi-fi.org/product-finder-results?sort_by=default&sort_order=desc&capabilities=2&certifications=45.

14.     For example, Defendant commercializes the Miracast-enabled Amazon Fire TV Stick.

15.     Defendant has had knowledge of the '342 and '987 Patents at least being served with this Complaint.  With knowledge of the '342 and '987 Patents, Defendant intends infringing acts in accordance with the foregoing technology.  It provides specifications and instructions for

the installation and infringing operation of such systems to its customers, who directly infringe.

16.     Furthermore, with knowledge of the '342 and '987 Patents, Defendant provides related services, specifications, and instructions for the installation and infringing operation of such systems to the customers of its products, who directly infringe through the operation of those products.

17.     With knowledge of the '342 and '987 Patents, Defendant has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by customers in the Eastern District of Texas, and advertised those products.

18.     Through its actions, Defendant has infringed the '342 and '987 Patents, and Defendant has and actively induced others to infringe the '342 and '987 Patents throughout the United States, including within the Eastern District of Texas.

19.     Sockeye has been and will continue to suffer damages as a result of Defendant's infringing acts unless and until enjoined.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO.  8,135,342

20.     Plaintiff Sockeye realleges and incorporates herein paragraphs 1–19.

21.     Defendant has infringed the '342 Patent.

22.     Defendant has indirectly infringed the '342 Patent by inducing the infringement of the '342 Patent.

23.     Defendant's aforementioned acts have caused damage to Sockeye and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  8,879,987

24.     Plaintiff Sockeye realleges and incorporates herein paragraphs 1–19.

25.     Defendant has infringed the '987 Patent.

26.     Defendant has indirectly infringed the '987 Patent by inducing the infringement of the '987 Patent.

27.     Defendant's aforementioned acts have caused damage to Sockeye and will continue to do so unless and until enjoined.

## VI.    JURY DEMAND

Plaintiff Sockeye hereby demands a jury on all issues so triable.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Sockeye respectfully requests that the Court:

A.     Enter judgment that Defendant infringes one or more claims of the '342 Patent literally and/or under the doctrine of equivalents;

B.     Enter judgment that Defendant infringes one or more claims of the '987 Patent literally and/or under the doctrine of equivalents;

C.     Award Plaintiff Sockeye past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '342 Patent and/or the '987 Patent in accordance with 35 U.S.C. §284; and

D.     Award Plaintiff Sockeye such further and additional relief as is deemed appropriate by this Court.


Dated:  October 5, 2015                    Respectfully submitted,

                                    By:     */s/ Andrew G. DiNovo*
                                           Andrew G.  DiNovo
                                           Texas State Bar No. 00790594
                                           adinovo@dpelaw.com
                                           Adam G. Price
                                           Texas State Bar No. 24027750

aprice@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
Stefanie T. Scott
Texas State Bar No. 24061617
sscott@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

**ATTORNEYS FOR PLAINTIFF
SOCKEYE LICENSING TX, LLC**

ORIGINAL COMPLAINT